

# THE ATTORNEY GENERAL
## OF TEXAS

September 14, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. James A. Lynaugh  
Interim Director  
Texas Department of Corrections  
P. O. Box 99  
Huntsville, Texas 77340

Opinion No. JM-785

Re: Whether employees of the Department of Corrections are entitled to administrative leave or per diem and reimbursement for travel in certain circumstances

Dear Mr. Lynaugh:

You ask whether certain employees are entitled to "administrative leave," per diem, and reimbursement for travel. Specifically, you ask whether employees who are subpoenaed to testify in court are entitled to those benefits.

We will first address your question about "administrative leave." Each biennium the appropriations act sets out the types of leave to which state employees are entitled. Under the appropriations act for the 1986-87 biennium, state employees are entitled to paid sick leave and vacation and to leave with pay under other specified circumstances. Acts 1985, 69th Leg., ch. 980, art. V, §8, at V-36. See also General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art V, §8, at V-41 (comparable provisions for the 1988-89 biennium). The appropriations act also provides for "emergency leave":

> The administrative head of an agency shall grant an emergency leave to an employee because of a death in the employee's family. The death of the employee's spouse, or the employee's or spouse's parents, brothers, sisters, grandparents, grandchildren and children shall constitute adequate need for emergency leave. The administrative head of the agency may make a determination on other reasons for emergency leaves and shall grant an emergency leave, when in his determination, the employee shows good cause.

Id. at §8(d). We assume that you mean "emergency leave" by the use of the term "administrative leave." Cf. id. at §8(1) (providing for leave without pay, subject to certain provisions).

You state that it is the department's position that an employee may be granted paid leave to testify in a court action only if the appearance is in his official capacity. If an employee is called to testify in his official capacity--in other words, as a state employee qua state employee--his appearance is part of his job, and he need not take leave of any sort. See Attorney General Opinions V-1210 (1951); O-5803 (1944). Whether a subpoena requiring a state employee to appear in court in his private capacity would constitute good cause for the department to grant emergency leave is a question left to the discretion of each agency.

You also ask whether an employee subpoenaed to testify in court is entitled to a per diem allowance for the court appearances in question. The appropriations act provides that per diem reimbursement is for "expenses incurred in official travel." Acts 1985, 69th Leg., ch. 980, art. V, §14, at V-43. Unless the employee in question is appearing in his capacity as a state employee, he is not entitled to per diem reimbursement. See also Acts 1985, 69th Leg., ch 980, art. V, §2(e) (prohibiting payment of per diem to a state employee who receives witness fees for a court appearance in his official capacity).

Finally, you ask whether an employee is entitled to reimbursement for the transportation expenses involved in making the court appearances. The appropriations act provides for reimbursement for "costs of transportation on official business." Acts 1985, 69th Leg., ch 980, art. V, §13, at V-41. Again, if an employee is not called to be a witness in his capacity as a state employee, he is not entitled to reimbursement for travel expenses.

S U M M A R Y

A state employee is not entitled to per diem reimbursement or reimbursement for travel expenses for a subpoenaed court appearance unless the employee appears in his capacity as a state employee. Whether a subpoena requiring a state employee to appear in court in his private capacity constitutes good cause for the emergency leave is a question left to the discretion of each agency.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General